CHAFFIN v. HARPHAM.

Opinion delivered December 15, 1924.

1. ESCROWS—DELIVERY IRREVOCABLE.—A delivery in escrow is irrevocable until failure to perform the stipulated conditions.
2. INJUNCTION—PRIOR ASSIGNMENT OF OIL AND GAS LEASE.—The assignee of an oil and gas lease, which had been previously assigned in escrow by his assignor to his co-defendants, was not entitled to specific performance of the contract of assignment to himself, or to restrain such co-defendants as prior assignees from carrying out the prior assignment, in the absence of proof that the prior assignment was unenforceable; plaintiff's remedy being confined to recovery of damages against his assignor for breach of contract.

Appeal from Ouachita Chancery Court, First Division; J. Y. Stevens, Chancellor; affirmed.

T. J. Gaughan, J. T. Sifford, J. E. Gaughan, and Elbert Godwin, for appellant.

Injunction may issue to restrain the transference of property in violation of a contract to convey it to the one seeking the injunction so as to prevent a cloud being thrown on the title. 80 Vt. 48; 11 L. R. A. (N. S.) 1183; 87 Ark. 91. It is unlawful to take a lease or otherwise cloud the title to lands, tenements and leasehold interests therein. Acts 1923, act 159, p. 133. The defense of an innocent purchaser, or any other matter relied on in avoidance of a contract, and not in direct response thereto, must be specifically pleaded and proved by the party relying thereon. 30 Ark. 555. The alleged assignment presents every element necessary to enable plaintiffs to invoke specific performance. 16 Ark. 340; 19 Ark. 51; 30 Ark. 547.

*Mahony, Yocum & Saye,* for appellee.

Equity will not decree specific performance where it is shown that there was a prior contract. 25 R. C. L. 245. There must be a mutuality of remedies. Courts will not decree specific performance of a contract involving performance of personal skill, such as to require a person to drill a well or develop a mine. 47 L. R. A. 334. If Evans could not have specific performance of the contract, neither could appellants. 79 Ark. 42; 132 Ark. 173; 149 Ark. 448; 4 Ark. 252; 19 Ark. 23.

McCulloch, C. J. Appellants allege that George H. Evans, one of the appellees, was, on February 16, 1923, the owner of a gas and oil lease on certain land in Ouachita County, and on that date assigned the same to appellants for a consideration named in the deed of assignment. They allege that the value of the lease is the sum of $20,000, and that Evans had, prior to the execution of the assignment to appellants, assigned the lease to appellees Harpham and Brannen and deposited the same with a certain bank in Little Rock under an escrow agreement. The prayer of the complaint was that appellees Evans, Harpham and Brannen be restrained from carrying out the former assignment, and that appellants have specific performance of their contract of assignment. The allegations with respect to the prior assignment to Harpham and Brannen are as follows:

"The defendant Geo. H. Evans had, prior to the execution of the assignment aforesaid to plaintiff, executed a certain assignment to his codefendants, A. C. Harpham and Walter Brannen, which assignment had been deposited with and left in the custody of the England National Bank of Little Rock, Arkansas, under an escrow agreement. But plaintiffs allege that it was distinctly understood and agreed in plaintiffs' contract with the said Evans that, upon compliance with the terms of his contract, the said Harpham assignment would be withdrawn and the escrow agreement canceled with the defendant, England National Bank."

Subsequently, appellants amended their complaint so as to allege that, since the filing of the original complaint, the Vitek Oil & Refining Company has asserted claim to the premises involved in the controversy, that the agent of said company had entered upon said land and had drilled a well and was now in operation thereof. The prayer was that the Vitek Oil & Refining Company and Paul Vitek, its agent, be joined as defendants, which was done. There was a demurrer to the complaint, which the court sustained, and appellants declined to plead further. The complaint was dismissed, and an appeal has been prosecuted to this court.

The only phase of the case which we deem it necessary to discuss is that paragraph which alleges that there was a prior assignment of the lease to Harpham and Brannen, which said lease was placed in escrow. There is nothing in the allegations to show that the delivery in escrow was revocable or that the delivery was on conditions which have not been performed, therefore the effect of this paragraph is to set forth a prior conveyance of the property in controversy to other parties—to other parties who are now sought to be restrained from operating under the lease. A delivery in escrow is irrevocable until failure to perform the stipulated conditions. *Brown* v. *Allbright,* 110 Ark. 394. In order for appellants to have stated a cause of action, it should have been shown that the prior lease was not enforceable by reason of failure of the assignees to perform the conditions of delivery in escrow, or for some other reason. For aught to the contrary, so far as the allegations of the complaint go, the assignment to Harpham and Brannen and the delivery thereof in escrow was binding on Evans and beyond his power to revoke, therefore it was superior to the attempted assignment to appellants. With that state of facts, appellants were not entitled either to a specific performance of the contract or to an injunction restraining the prior assignees, and their remedy must be confined to the recovery of damages for breach of the contract of assignment.

Affirmed.