VON MOSCH *v.* WALDROP.

Opinion delivered July 9, 1928.

904

*C. H. Herndon,* ffor appellant.

*Isaac L. Awtrey,* for appellee.

HART, C. J., (after stating the facts). The decree of the chancery court was correct. In *Chaffin* v. *Harpham,* 166 Ark. 578, 266 S. W. 685, it was held that a delivery in escrow is irrevocable until failure to perform the stipulated conditions. Again, in *Ford* v. *Moody,* 169 Ark. 649, 276 S. W. 595, it was held that, when a deed is delivered merely as an escrow, to take effect upon the performance of some condition by the grantee in the future, no title passes until the condition has been performed, and it is immaterial that the grantee obtains possession of the instrument before the condition is performed.

In the case at bar, the record shows that Richardson sent the deed to the Caddo Valley Bank to be delivered to Gust Von Mosch upon the payment of the purchase money. Von Mosch was notified that Richardson was in need of money, and wished to sell at once. In each subsequent letter about the transaction Richardson notified Von Mosch that he was in pressing need of money, and must receive payment of the purchase price of the land quickly. On November 19, 1927, Richardson wrote Von Mosch, assuring him that the title was O. K., and that the Caddo Valley Bank had loaned him $100 on it. He had agreed to sell the land to Von Mosch for $125, to

be paid in cash. He notified Von Mosch that he had an obligation coming due on November 28 that he must meet, and also that he had been offered a little more money than he asked Von Mosch for the land. He notified Von Mosch, however, that he was willing to stand by his proposition provided it was accepted within a reasonable time. The fact that he referred to November 28 as the date upon which he was in pressing need of money showed that he considered that a reasonable time. Instead of paying the purchase price of the land, Von Mosch waited until after Richardson had sold the land to Waldrop and had executed a deed to him for it, which Waldrop had filed for record.

It does not make any difference that Waldrop had notice that Von Mosch claimed title to the land. Under the facts presented, Von Mosch could only claim title to the land provided he complied with the condition upon which the sale was made. He was notified in express terms that Richardson was badly in need of money on the 28th day of November, and, under the circumstances, we think it was his duty to have sent the money promptly so that Richardson could meet his obligation. Not having done so, Richardson had the right to sell the land to some one else; and it did not make any difference whatever that the purchaser had notice of the contemplated sale to Von Mosch, because the latter failed to comply with the stipulated condition upon which the land was offered to him, and, upon his failure to do so, Richardson had a perfect right to sell the land to Waldrop. Waldrop paid the purchase money for the land and filed the deed for record before Von Mosch attempted to comply with the condition upon which he purchased the land. That condition was that he should pay the purchase price in cash. He did not offer to pay the purchase price until after the deed from Richardson to Waldrop had been delivered and filed for record and Waldrop had paid the purchase money to Richardson.

The result of our views is that the decree of the chancery court is correct, and it will be affirmed.